■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LUIS VIERRA, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Kreindler, J.), rendered June 2, 1986, convicting him of murder in the second degree, attempted murder in the second degree, assault in the first degree and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress his confession.

Ordered that the judgment is affirmed.

This case arises out of the shooting of two men in December 1984. According to the surviving victim and three witnesses to whom the defendant admitted the crime, the defendant and three other men burglarized a store in the Coney Island section of Brooklyn. After dropping off one unidentified member of this group, the defendant drove the other two men to an area beneath the Verrazano Bridge in Brooklyn. There he shot and killed Jose Luis Alcaid and shot and seriously injured Justo Vega. According to the mother of the defendant's child and his foster sister, the defendant told them separately that he had shot the men because they planned to kidnap his son. Vega, an admitted heroin addict, identified the defendant as the man who shot him and killed Alcaid. When he was arrested, the defendant confessed to the killing to a police detective, also telling the detective that his motive was to prevent the kidnapping of his son.

The question as to whether the confession to the police detective was made after the detective warned the defendant of his constitutional rights and the defendant waived these rights knowingly and voluntarily and confessed is basically one of credibility. "Issues of credibility are primarily for the hearing court and its findings should be upheld unless they are clearly erroneous" (People v Armstead, 98 AD2d 726). The hearing court's determination that the defendant waived his constitutional rights and voluntarily confessed to the crimes is supported by the evidence.

The defendant contends that Vega, the prosecution's witness, because of his addiction to drugs, should not have been believed by the jury. However, resolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury, which saw and heard the witness (see, People v Gaimari, 176 NY 84, 94). Its determination should be accorded great weight on appeal and should not be disturbed unless clearly unsupported by the record (see, People v Garafolo, 44 AD2d 86, 88). Upon the exercise of our factual review power, we are satisfied that the verdict was not against the weight of the evidence (CPL 470.15 [5]).

The defendant also claims his sentence was excessive. In light of the crimes the defendant committed and his prior criminal record, the sentence imposed was not excessive (see, People v Suitte, 90 AD2d 80).

We have examined the defendant's remaining contentions and find them either to be unpreserved for appellate review or

without merit. Kunzeman, J. P., Rubin, Eiber and Sullivan, JJ., concur.